# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO ex rel. LILLIAN
M. SANCHEZ, JOSE E. MAESTAS, BAUDY J.
MARTINEZ, TONY P. MARTINEZ, Jr., and
ANTONIO A. MEDINA,**

    **Petitioners,**

v.                   CIV. No. 98-1540 JP/RLP (ACE)

**THOMAS C. TURNEY, New Mexico
State Engineer,**

    **Respondent,**

**and**

**UNITED STATES FISH AND WILDLIFE
SERVICE,**

    **Real Party in Interest.**

## MEMORANDUM OPINION AND ORDER

On March 9, 1999, Respondent filed a motion to dismiss on the grounds of mootness. (Doc. No. 22) After thoroughly reviewing the facts, the pleadings, and the applicable law, I conclude that Respondent's motion should be granted.

## BACKGROUND

On September 23, 1996, the United States Fish and Wildlife Service ("United States") filed a water rights application ("application") with the State Engineer ("Respondent") under N.M. STAT. ANN. § 72-5-24 (Michie 1997). After the Petitioners protested the application, Respondent scheduled a January 19, 1999, hearing of the protest. However, on December 4,

1998, Respondent granted the United States' request for emergency authorization under N.M. STAT. ANN. § 72-5-25 (Michie 1997) to divert water for fish propagation purposes at the Mora Fish Hatchery. Section 72-5-25(C) states that "[t]he emergency approval provided under this section shall continue in effect only until the state engineer enters his final decision in accordance with Section 72-5-24 NMSA 1978." N.M. STAT. ANN. § 72-5-25(C) (Michie 1997).

Petitioners then immediately filed on December 9, 1998, a petition for writ of mandamus in the Fourth Judicial District Court of the State of New Mexico alleging Respondent had violated his stautory authority and Petitioners' due process rights under the New Mexico Constitution. On December 9, 1998, the State district court issued an alternative writ of mandamus ordering Respondent to set aside the December 4th emergency authorization. The United States then removed the state court action to federal court on December 18, 1998.

On February 23, 1999, the state water rights hearing examiner filed a Report and Order recommending Respondent approve the United States' water right application. Respondent adopted the Report and Order and entered a final decision granting the application. On February 26, 1999, Petitioners appealed Respondent's final decision to the District Court of Mora County.

There are numerous pending motions in this case.[1] Because a ruling on Respondent's Motion to Dismiss disposes of this case, this opinion addresses only that motion.

---

[1] The pending motions include: 1.) United States' Motion to Dismiss, filed 1/12/99; 2.) Petitioners' Motion for Remand, filed 1/15/99; 3.) Respondent's Motion for Remand, filed 1/19/99; 4.) Petitioners' and United States' Joint Motion to Dismiss United States, filed 3/23/99; and 5.) Petitioners' Supplemental Motion for Remand, filed 3/23/99.

**LEGAL STANDARD**

Mootness is a threshold jurisdictional issue. *In re Yellow Cab Coop. Ass'n*, 132 F.3d 591, 594 (10th Cir. 1997) (citing *Keyes v. School Dist. No. 1*, 119 F.3d 1437, 1445 (10th Cir. 1997)). "A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)). "One commentator has defined [Article III] mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Henry Monaghan, *Constitutional Adjudication: The Who and When*, 82 YALE L.J. 1363, 1384 (1973)). Prudential mootness, which is not based on Article III but on the court's discretion in granting relief, requires the same inquiry as Article III mootness: "have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief." *Southern Utah Wilderness Alliance*, 110 F.3d at 727 (citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). When there is no reasonable expectation that the alleged violation will repeat itself and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," a case is moot "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (citations omitted).

**DISCUSSION**

Respondent argues that this case is moot and should be dismissed because Respondent's December 4th emergency authorization expired when Respondent made a final decision under § 7-5-24 granting the United States' application. *See* N.M. STAT. ANN. § 72-5-25 ("emergency approval provided under this section shall continue in effect *only until* the state engineer enters his final decision" under N.M. STAT. ANN. § 72-5-24) (emphasis added). The United States agrees that the action is moot and should be dismissed.

Petitioners contend that they still have a legally cognizable interest in the determination of this case. Although Petitioners concede that there is no reasonable expectation that the violation will recur, they argue that neither interim relief nor events have "completely and irrevocably eradicated" the effects of Respondent's alleged violation. Petitioners argue that their request for "such other and further relief as the court deems proper" permits this court to enter declaratory judgment on Respondent's statutory authority to grant emergency permits for changes in purpose of water use under N.M. STAT. ANN. § 72-5-25.

This argument is without merit. Petitioner did not specifically request declaratory relief, and this court will not construe a generalized request for "such other and further relief" to include a request for a declaratory judgment simply to keep this case alive. Moreover, "[a] declaratory judgment would not affect the matter, and would be in the nature of an advisory opinion." *Southern Utah Wilderness*, 110 F.3d at 730 (holding that environmental organization's suit for declaratory and injunctive relief based on defendants' failure to consult with Fish and Wildlife Service became moot after the consultation occurred).

Petitioners' second argument against mootness is obtuse and convoluted. Petitioners

seem to contend that this case is not moot because Petitioners have raised a due process claim in their appeal of Respondent's final decision to the state district court for the County of Mora. Evidently, Petitioners plan on asserting in that state court appeal that Respondent denied them due process by failing to disqualify himself from acting on the United States' application after Respondent had issued the December 4th emergency authorization. (Response at 3-4.) In their Response, Petitioners state that "[t]he due process issue, which is based in part on the claim that the State Engineer's emergency permit was not authorized by statute, is a secondary "live" issue that should be heard in that proceeding." (Response at 4.) The court interprets "that proceeding" to refer to the appeal now pending in the state district court for the County of Mora.

Whether the due process issue should be heard in Petitioner's pending appeal in the District Court for the County of Mora is not for this court to decide. The subject matter of this removed action is Petitioner's request for an alternative writ of mandamus ordering the Respondent to set aside the December 4th emergency authorization on the ground that Respondent had violated his statutory authority and the New Mexico Constitution. Because Respondent subsequently entered a final decision on the application, however, the December 4th emergency authorization has expired and this court effectively has been deprived of the opportunity to provide any meaningful relief to Petitioners. *See Southern Utah Wilderness Alliance*, 110 F.3d at 729 ("[T]he changed circumstances of this particular case no longer present an opportunity for meaningful relief."). This case is moot and should be dismissed. *See Friends of Keeseville, Inc. v. F.E.R.C.*, 859 F.2d 230, 256 (D.C. Cir. 1988) (agency order awarding preliminary permit was rendered moot by the cancellation of the permit).

The only remaining issue is whether this case should be dismissed with or without

5

prejudice. Petitioners correctly observe that a dismissal for mootness is a dismissal for lack of jurisdiction. *Yellow Cab,* 132 F.3d at 594 (mootness is a jurisdictional issue). "It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal . . . must be without prejudice." *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).

IT IS THEREFORE ORDERED that Respondent's motion to dismiss (Doc. No. 22) is GRANTED and this action will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE